People v Holmes (2025 NY Slip Op 00730)

People v Holmes

2025 NY Slip Op 00730

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Ind No. 2843/17 Appeal No. 3643 Case No. 2020-00505 

[*1]The People of the State of New York, Respondent,
v
Ashanti Holmes, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Danielle A. Bernstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marsha Michael, J.), rendered June 19, 2019, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's waiver of his right to appeal was valid under the "totality of the circumstances" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). While the court did not enumerate the claims that survived the waiver of appeal during its colloquy, the written waiver listed them, and the court confirmed that defendant reviewed the waiver with counsel and understood it. Moreover, defendant had extensive experience with the criminal justice system, including six felony convictions, all of which resulted from guilty pleas (see id. at 560). Defendant's valid waiver of the right to appeal forecloses appellate review of his current claims. Were we to review defendant's claims, we would find them unavailing.
The record "establishe[d] a proper basis" for the court's redactions "to the search application and sealing of the minutes of the examination of [the] confidential informant. . . ." (People v Evans, 179 AD3d 549, 550 [1st Dept 2020], lv denied 35 NY3d 969 [2020]). The "requisite good cause" for the redactions "could be readily inferred from the People's submissions" (People v Esquillin, 212 AD3d 468, 468 [1st Dept 2023], lv denied 40 NY3d 928 [2023]).
Upon our in camera review of the search warrant materials, including the search warrant application, the police officer's supporting affidavit, and the testimony of both the officer and the confidential informant before the warrant-issuing court, we find that there was probable cause to issue the warrant.
The court properly denied defendant's motion for a Dunaway hearing. Although defendant had access to the felony complaint and the voluntary disclosure form and was aware of the allegations against him, he failed to address any of the People's factual assertions in his motion (see People v Kayumov, 231 AD3d 680 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025